IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Raymond Edward Chestnut, | ) | Civil Action No.: 1:13-cv-1814-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Correctional Officer Toni McCoy, individual capacity, | ) ) | |
| | ) | |
| Defendant. | ) ) | |

Plaintiff Raymond Edward Chestnut ("Plaintiff"), a federal prisoner proceeding *pro se*, filed this action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971) ("*Bivens*"). *See* Compl., ECF No. 1. In response, Defendant Correctional Officer Toni McCoy, individual capacity ("Defendant") filed a motion to dismiss, or in the alternative, for summary judgment. *See* Mot., ECF No. 44. The matter is now before the Court after the issuance of the Report and Recommendation ("R & R") of United States Magistrate Judge Shiva V. Hodges.[1] In the R & R, the Magistrate Judge recommends that the Court deny Defendant's motion and direct Defendant to answer.[2]

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to the Magistrate Judge for pretrial handling.

[2] In the R & R, the Magistrate Judge recommended finding that the Defendant improperly seeks to have the Court make a determination on the merits prior to filing an answer. *See* ECF No. 56 at 3. She reasoned that this tactic is not supported by the Federal Rules of Civil Procedure ("FRCP"), asserting that the rules do not contain a mechanism by which a defendant may file a motion for summary judgment in lieu of an answer. *See id.* Defendant objected, arguing that a defendant need not respond in the form of an answer prior to making a motion for summary judgment, as the rules provide that such motion can be made at "any time." *See* ECF No. 58 at 3. As Rule 56 explains: "[u]nless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment *at any time* until 30 days after the close of discovery." Fed. R. Civ. P. 56(b) (emphasis added). In its commentary regarding the 2009 amendments, the Advisory Committee noted that "[t]he new rule allows a party to move for summary judgment at any time, even as early

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a *de novo* determination of those portions of the R & R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The right to *de novo* review may be waived by the failure to file timely objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Id.* Moreover, in the absence of objections to the R & R, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). However, in the absence of objections, the Court must "'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Plaintiff, who was incarcerated at the Federal Correctional Institution in Bennettsville, South Carolina ("FCI-Bennettsville") at the time the action was brought, filed this *Bivens* action in July of 2013. In the Complaint, Plaintiff alleges a violation of his rights under the Eighth Amendment due

---

as commencement of the action." Fed. R. Civ. P. 56 advisory committee's note. In 2010, the committee reiterated this principle. *See id.* Rule 12 also supports this notion, stating that a party may move to dismiss prior to filing a responsive pleading, but that if matters outside the pleadings are presented to and not excluded by the court, the motion should be treated as one for summary judgment. *See* Fed. R. Civ. P. 12(a)(4), (b), (d). Finally, the Court notes that the local rules for the District of South Carolina are silent on this issue. The Magistrate Judge is directed to consider this information in preparing her Amended Report and Recommendation.

to Defendant's purported use of excessive force against him.[3]  *See* ECF No. 1, at 2–4.  Defendant filed his motion on September 30, 2013, asserting that Plaintiff failed to state a claim upon which relief may be granted, and that Defendant is entitled to summary judgment based on qualified immunity and the fact that there was no constitutional violation.  *See* ECF No. 44 at 6–15.  In support of his motion, Defendant attached the affidavits of several employees of the Federal Bureau of Prisons.  *See* ECF Nos. 44-1, 44-2, 44-3, and 44-4.  The declaration of Sam Adams, Safety Manager at FCI Benenttsville, avers that he reviewed video footage of the disputed incident, and that "[t]he video footage and statements supported the conclusion that Officer McCoy did not use an excessive or unnecessary amount of force and that he did not assault Mr. Chestnut."  *See* Adams Aff., ECF No. 44-2, at 2.

The Court notes that this relevant video evidence was not made part of the record.  Defendant may potentially be entitled to Summary Judgment if the video evidence is consistent with the testimony in the Adams Affidavit.

Therefore, the Court **RECOMMITS** the matter back to the Magistrate Judge with instructions.  The Magistrate Judge should give Defendant thirty (30) days in which to file with the Court the video evidence referred to in the Adams Affidavit.  The Plaintiff should also be given an additional thirty (30) days to submit any further evidence in response to Defendant's motion.  If Defendant produces the video, the Magistrate Judge should re-evaluate the matter and should submit another Report and Recommendation upon review of any additional filings by the parties.

---

[3] In light of the Court's ruling, an extensive recitation of the facts is unnecessary.

**IT IS SO ORDERED.**

                                             s/ R. Bryan Harwell
                                              R. Bryan Harwell
                                              United States District Judge

Florence, South Carolina
April 7, 2014