IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Raymond Edward Chestnut, | C/A No.: 1:13-1814-RBH-SVH |
| Plaintiff, | |
| vs. | ORDER |
| Correctional Officer Toni McCoy, individual capacity, | |
| Defendant. | |

Plaintiff Raymond Edward Chestnut, proceeding pro se and in forma pauperis, brings this civil action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).[1] This matter comes before the court on the following motions by Plaintiff: (1) motion to appoint counsel [Entry #75]; (2) motion for polygraph examinations on all parties [Entry #77]; and (3) motion for leave to file supplemental material [Entry #79].

I.      Motion to appoint counsel

Plaintiff moves for the court to appoint him counsel. There is no right to appointed counsel in § civil rights cases. *Cf. Hardwick v. Ault*, 517 F.2d 295, 298 (5th Cir. 1975). While the court is granted the power to exercise its discretion to appoint counsel for an indigent in a civil action, 28 U.S.C. § 1915(e)(1); *Smith v. Blackledge*, 451 F.2d 1201 (4th Cir. 1971), such appointment "should be allowed only in exceptional cases." *Cook*

---

[1] *Bivens* established that victims of a constitutional violation perpetuated by a federal actor may sue the offender for damages in federal court despite the absence of explicit statutory authorization for such suits.

*v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). Plaintiff in his motion has not shown that any exceptional circumstances exist in this case. [Entry #75].

After a review of the file, this court has determined that there are no exceptional or unusual circumstances presented which would justify the appointment of counsel, nor would Plaintiff be denied due process if an attorney were not appointed. *Whisenant v. Yuam*, 739 F.2d 160 (4th Cir. 1984). In most civil rights cases, the issues are not complex, and whenever such a case brought by an uncounseled litigant goes to trial, the court outlines proper procedure so the uncounseled litigant will not be deprived of a fair opportunity to present his or her case. Accordingly, Plaintiff's request for a discretionary appointment of counsel under 28 U.S.C. §1915 (e)(1) is denied.

II.     Motion for polygraph examinations

In his motion to compel all parties to submit to polygraph examinations [Entry #77], Plaintiff fails to cite any authority from the Federal Rules of Civil Procedure or otherwise that would support his request. Therefore, the court denies Plaintiff's motion to require polygraph examinations.

III.    Motion for leave to file supplemental material

Plaintiff requests that the court allow him to supplement the record with the affidavit of Brandon Watts, which he submitted with his motion. [Entry #79]. The undersigned grants Plaintiff's motion to supplement and has considered Watts' affidavit in making a recommendation in this case.

IT IS SO ORDERED.

July 28, 2014                                         Shiva V. Hodges
Columbia, South Carolina                    United States Magistrate Judge