IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Raymond Edward Chestnut, ) | Civil Action No.: 1:13-cv-1814-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Correctional Officer Toni McCoy, ) | |
| individual capacity, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff Raymond Edward Chestnut ("Plaintiff"), a federal prisoner proceeding *pro se*, filed this action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971) ("*Bivens*"). *See* Compl., ECF No. 1. At the time of the incident giving rise to the complaint, Plaintiff was incarcerated at the Federal Correctional Institution in Bennetsville, South Carolina ("FCI-Bennetsville").[1] In response to the complaint, Defendant Correctional Officer Toni McCoy, individual capacity ("Defendant") filed a motion to dismiss, or in the alternative, for summary judgment. *See* Mot., ECF No. 44. The matter is now before the Court after the issuance of a Second Report and Recommendation ("Second R & R") of United States Magistrate Judge Shiva V. Hodges.[2] *See* Second R & R, ECF No. 83. In the Second R & R, the Magistrate Judge recommends the Court grant Defendant's motion and dismiss this case.[3] *See id.* at 8.

---

[1] Plaintiff is currently incarcerated at USP-Lewisburg in Pennsylvania.

[2] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to the Magistrate Judge for pretrial handling.

[3] The Magistrate Judge issued an initial R & R on November 19, 2013. *See* R & R, ECF No. 56. This Court, however, recommitted the matter back to the Magistrate Judge via order on April 7, 2014. *See* Order, ECF No. 66. The Court noted that, in support of his motion, Defendant provided affidavit testimony which referenced video evidence of the incident giving rise to Plaintiff's allegations. *See* Adams Aff., ECF No. 44-2 at 2. The Court noted that Defendant may be entitled to summary judgment if this video evidence was consistent with that affidavit testimony. *See* ECF

**STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a *de novo* determination of those portions of the R & R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The right to *de novo* review may be waived by the failure to file timely objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Id.* Moreover, in the absence of objections to the R & R, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). However, in the absence of objections, the Court must "'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

---

No. 66 at 3. Accordingly, the Court recommitted the matter back to the Magistrate Judge and gave Defendant thirty days to file the video evidence referenced in the affidavit. *See id.* The Court also gave Plaintiff an additional thirty days to submit any further evidence in response to Defendant's motion. *See id.* Defendant submitted a working copy of the video evidence on July 17, 2014, *see* ECF No. 80, and Plaintiff submitted an additional affidavit supporting his version of the events, *see* ECF No. 79. The Second R & R was prepared in light of this additional evidence.

**DISCUSSION**

In the Second R & R, the Magistrate Judge recommends the Court grant Defendant's motion for summary judgment and dismiss this case.[4] *See* ECF No. 83 at 8. The Magistrate Judge found that the video evidence provided by Defendant established that some application of force was necessary and that Defendant did not use excessive force. *See* ECF No. 83 at 6. The Magistrate Judge also found that Plaintiff failed to state a proper claim for retaliation, as he did not allege that Defendant retaliated against him in response to his exercise of a constitutionally protected right. *See id.* at 7–8. Accordingly, she recommends the Court grant summary judgment in Defendant's favor on both of Plaintiff's claims.

Plaintiff timely responded to the Second R & R by filing what he styled as "Plaintiff's Motion for Reconsideration of Magistrate Judge's Report and Recommendation."[5] *See* ECF No. 85 at 1. In this filing, Plaintiff requests that the Court "reconsider" the Second R & R, and recommit the matter back to the Magistrate Judge. *See* ECF No. 85 at 1. Plaintiff asserts that he previously sent the Court a letter "advising that in order for Plaintiff to adequately respond to any further pleadings Plaintiff desires to review the video evidence." *Id.* at 2. He argues that, because he did not review the video evidence prior to the issuance of the Second R & R, there was a "due process violation of Plaintiff's fifth amendment right of the U.S. Constitution, and also a violation of not allowing Plaintiff to conduct and review discovery material." *Id.* Plaintiff concludes by asking that

---

[4] The factual allegations of the complaint, including citations to the record, are discussed thoroughly in the Magistrate Judge's R & R. *See* ECF No. 83, at 2–3. Briefly stated, Plaintiff alleges that Defendant used excess force against him during an incident that arose while Defendant was escorting Plaintiff from the recreation yard to his cell. *Id.* at 2. Plaintiff also contends that Defendant submitted a fabricated incident report in retaliation to Plaintiff filing a grievance against Defendant. *Id.*

[5] The Court construes the filing as Plaintiff's objections to the Second R & R.

the "video evidence be provided so that he may review it in order to respond or file any further pleadings." *Id.* at 2–3.

Plaintiff's only objection, therefore, is that he did not have the chance to watch the video. Plaintiff asserts that this meant he could not properly respond to Defendant's motion or the Second R & R. The Court is at a loss as to how Plaintiff could not respond without seeing the video in question. Plaintiff himself was the protagonist and "star" of the video. He does not need to view the footage to set forth his version of the events, because he was there himself. In fact, his version of events is already part of the record, contained in his Complaint that was prepared under penalty of perjury. The Magistrate Judge considered his version in the facts in preparing her R & R, as did the Court in preparing this Order. As for the video evidence, it speaks for itself. *See Bostic v. Rodriguez*, 667 F. Supp. 2d 591, 605 (E.D.N.C. 2009) ("[T]o the extent plaintiffs' recollection and the video are inconsistent, the video "speak[s] for itself," and the court considers the facts as displayed in the video."). Accordingly, the Court overrules Plaintiff's objection. Inability to view a videotape portraying an incident in which the Plaintiff himself was the "star of the show" is not a valid excuse for failing to respond to Defendant's motion and the Second R & R.

The Court finds no clear error with the Magistrate Judge's recommendations in the Second R & R. The undersigned has personally reviewed the video evidence. The Court agrees with the Magistrate Judge that the video evidence establishes that some application of force by Defendant was necessary. There was indeed a struggle between Plaintiff and Defendant, but the video shows Defendant only applied such force necessary to gain control of Plaintiff after he fell to the floor and Plaintiff continued to move and kick. Plaintiff's allegation that Defendant punched him after he fell is clearly refuted by the video evidence. The video simply shows Defendant's efforts to restrain Plaintiff on the floor.

The Court agrees with the Magistrate Judge that Plaintiff has not met the heavy burden of demonstrating that Defendant applied forces "maliciously and sadistically for the very purpose of causing harm," rather than in a good faith effort to restore discipline. *See Wilkins v. Gaddy*, 559 U.S. 34, 39 (2010) (citing *Hudson v. McMillan*, 503 U.S. 1, 7 (1992)). As the Magistrate Judge noted, Courts balance the following factors to determine whether prison officials acted maliciously or sadistically:

> (1) the necessity for the application of force;
>
> (2) the relationship between the need for force and the amount of force used;
>
> (3) the extent of the injury actually inflicted;
>
> (4) the extent of the threat to the safety of the staff and prisoners, as reasonably perceived by the responsible officials on the basis of the facts known to them; and
>
> (5) the efforts taken by the officials, if any, to temper the severity of the force applied.

*Whitley v. Albers*, 475 U.S. 312, 321 (1986) (citations omitted). The Court finds no clear error with the Magistrate Judge's determination that Defendant's use of force was not excessive.

Plaintiff's other claim asserts that Defendant filed a false incident report against him in retaliation to Plaintiff filing a grievance against Defendant. The Magistrate Judge recommended finding that Plaintiff failed to allege the purported retaliation occurred because of his exercise of a constitutional right. *See Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994) (noting that, to state a claim for retaliation under § 1983, a plaintiff must "allege either that the retaliatory act was taken in response to the exercise of a constitutionally-protected right or the act itself violated such a right"). The Magistrate Judge correctly noted that the Fourth Circuit has held that use of the Bureau of Prison's grievance procedure does not constitute the exercise of a constitutionally protected right.

5

*See id.* at 74.  The Court finds no clear error with the Magistrate Judge's analysis, and agrees that summary judgment is also appropriate on the retaliation claim.

The Court also finds that this action is frivolous, and thus it shall be deemed a strike pursuant to the Prison Litigation Reform Act's three-strikes provision, *see* 28 U.S.C. § 1915(g).  *See Blakely v. Ward*, 738 F.3d 607, 613 (4th Cir. 2013) ("Accordingly, we hold that if a summary judgment dismissal explicitly deems the terminated action frivolous, malicious, or failing to state a claim, then the summary judgment dismissal counts as a strike for Section 1915(g) purposes.").  In the Complaint, Plaintiff alleged that Defendant punched him "with closed first punches, in the neck, back, and stomach, and chest; causing pain and swelling that lasted several days."  ECF No. 1 at 3–4.  The video evidence clearly refutes these incendiary allegations and demonstrates the frivolousness of this suit.  Accordingly, the R & R is modified to reflect this additional holding by the Court.

## CONCLUSION

The Court has thoroughly reviewed the entire record.  For the reasons stated above and by the Magistrate Judge, the Court hereby overrules Plaintiff's objections and adopts the Magistrate Judge's R & R, as modified.

**IT IS THEREFORE ORDERED** that Defendant's motion for summary judgment is **GRANTED** and this action is **DISMISSED** *with prejudice*.  **IT IS FURTHER ORDERED** that this action shall be **DEEMED A STRIKE** pursuant to 28 U.S.C. § 1915(g) due to its frivolousness.

**IT IS SO ORDERED.**

                                       s/ R. Bryan Harwell
                                       R. Bryan Harwell
                                       United States District Judge

Florence, South Carolina
August 20, 2014